IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE ANDREW HOPPER,

    Petitioner,

v.                                                      Civ. No. 20-cv-0056 KG/KRS
                                                          CR No. 14-cr-2130 KG/KRS

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER TO SHOW CAUSE

Before the Court is Petitioner Jesse Hopper Sr.'s 28 U.S.C. § 2255 habeas motion (CR Doc. 334; CV Doc. 1) (Motion). Hopper asks the Court to vacate his federal convictions for kidnapping and firearm violations. Having reviewed the record *sua sponte* under Habeas Corpus Rule 4, the Court will require Hopper to show cause why his Motion should not be dismissed as untimely.

**I. Procedural Background**

In 2014, Hopper, his son Jessie Jr., and his sister Polly kidnapped Jessie Jr's ex-wife at gunpoint and transported her to their residence. (CR Doc. 1). All three were eventually arrested by New Mexico State Police. *Id.* Hopper proceeded to trial, where a jury convicted him of kidnapping; conspiracy to commit kidnapping; using a firearm during a crime of violence; possessing a firearm as a felon; and possessing an unregistered firearm. (CR Docs. 185, 214). The Court initially sentenced him to 376 months imprisonment. (CR Doc. 27). Hopper appealed, arguing that 18 U.S.C. § 1201(a), the federal kidnapping law, only qualifies as a crime of violence under the residual clause of 18 U.S.C. § 924(c)(1)(B). (CR Doc. 288-1). Because the Supreme Court recently invalidated the residual clause, Hopper asked the Tenth Circuit to vacate his conviction for using a firearm during a crime of violence. *Id.*

Hopper prevailed on this argument. The Tenth Circuit vacated his § 924(c) conviction and remanded the matter for resentencing. (CR Doc. 288-1 at 5). By a Judgment entered October 17, 2018, the Court reduced Hopper's sentence of 334 months imprisonment. (CR Doc. 308) (Resentencing Judgment). Hopper did not appeal further or file any federal pleadings for the next 15 months. On January 16, 2020, Hopper filed the instant § 2255 Motion. (CR Doc. 334). He argues counsel rendered ineffective assistance during the 2015 trial and at the resentencing hearing.

## II.  Initial Review of the § 2255 Petition

The Motion is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2255. Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1)   The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)   The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3)   The inmate could not have discovered "the facts supporting the claim … through

the exercise of due diligence."  § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the Resentencing Judgment was entered on October 17, 2018.  (CR Doc. 308).  The Court assumes without deciding that it triggered a new appeal period.  The Resentencing Judgment therefore became final no later than November 1, 2018, following the expiration of the 14-day appeal period.  *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment).  There was no case activity during the next year, and limitation period expired on November 1, 2019.  Accordingly, Hopper's § 2255 Motion, filed January 16, 2020, appears time-barred.

The Court will require Hopper to show cause within thirty (30) days of entry of this Order why his § 2255 Motion should not be dismissed.  Failure to timely comply may result in dismissal of the habeas action without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Jesse Hopper Sr. must file a response showing cause, if any, why his § 2255 Motion should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE