IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE ANDREW HOPPER Sr.,

     Petitioner,

v.

                                                   Civ. No. 20-cv-0056 KG/KRS
                                                   CR No. 14-cr-2130 KG/KRS

UNITED STATES OF AMERICA,

     Respondent.

MEMORANDUM OPINION AND ORDER

     This matter comes before the Court on Petitioner Jesse Hopper Sr.'s 28 U.S.C. § 2255 habeas motion (CR Doc. 334; CV Doc. 1) (Motion). Hopper asks the Court to vacate his federal convictions for kidnapping and firearm violations. The Court previously directed Hopper to show cause why his Section 2255 Motion should not be dismissed for failure to file within the one-year statute of limitations. Hopper did not respond. Hence, the Court will dismiss the Motion.

I.   Procedural Background

     In 2014, Hopper, his son Jessie Jr., and his sister Polly kidnapped Jessie Jr's ex-wife at gunpoint and transported her to their residence. (CR Doc. 1). All three were eventually arrested by New Mexico State Police. *Id.* Hopper proceeded to trial, where a jury convicted him of the following charges:

     (a) Kidnapping in violation of 18 U.S.C. § 1201(a)(1);

     (b) Conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(a)(1);

     (c) Using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c);

     (d) Possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

(e) Possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861, 5871, and 5845. (CR Docs. 185, 214).   The Court initially sentenced Hopper to 376 months imprisonment.   (CR Doc. 214) at 3.   Hopper appealed, arguing that Section 1201(a) kidnapping only qualifies as a crime of violence under the residual clause of 18 U.S.C. § 924(c)(1)(B).   (CR Doc. 288-1) at 2. Because the Supreme Court recently invalidated the residual clause, Hopper asked the Tenth Circuit to vacate his conviction for using a firearm during a crime of violence.   *Id.*

Hopper prevailed on this argument.   The Tenth Circuit vacated his Section 924(c) conviction and remanded the matter for resentencing.   (CR Doc. 288-1) at 3-4.   On October 17, 2018, the Court reduced Hopper's sentence to 334 months imprisonment.   (CR Doc. 308) (Resentencing Judgment).   The record reflects Hopper did not appeal further or file any federal pleadings for the next 15 months.   On January 16, 2020, Hopper filed the instant Section 2255 Motion.   (CR Doc. 334).   He argues counsel rendered ineffective assistance during the 2015 trial, on direct appeal, and at the resentencing hearing.

By an Order entered May 28, 2020, the Court screened the Motion under Habeas Rule 4 and determined it was plainly time-barred.   (CV Doc. 7); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition.").   The Court directed Hopper to show cause why the case should not be dismissed.   The response deadline was June 29, 2020.   Hopper did not show cause or otherwise respond to the Order.

II.   Discussion

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final.   *See* 28 U.S.C. § 2255(f).   The one-year limitation period can be

2

extended where:

(1)     The defendant was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)     The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3)     The defendant could not have discovered "the facts supporting the claim … through the exercise of due diligence."   § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the Resentencing Judgment was entered on October 17, 2018.   (CR Doc. 308). Assuming it triggered a new appeal period, the Resentencing Judgment became final no later than November 1, 2018.   That date marks the first business day after expiration of the 14-day appeal period.  *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the direct appeal window expires); Fed. R. App. P. 4(b)(1)(A) (notice of appeal must be filed within 14 days after the entry of criminal judgment).   The record reflects there was no case activity during the next year.   Accordingly, the limitation period expired on November 1, 2019. Absent tolling, Hopper's January 16, 2020 Motion is time-barred.

In its prior Order, the Court set out this timeline along with the legal standards for statutory and equitable tolling.   (CV Doc. 7) at 2-3.   The Order warned that the failure to timely show cause and/or overcome the time-bar may result in dismissal without further notice. Because Hopper failed to respond, and because the time-bar is clear from the record, the Court

will dismiss the Motion with prejudice.   The Court will deny a certificate of appealability (COA) under Habeas Corpus Rule 11.   A COA may only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   For the reasons above, the time-bar is not reasonably debatable in this case.

IT IS ORDERED:

1.     Petitioner Jesse Hopper Sr.'s Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 (CR Doc. 334; CV Doc. 1) is dismissed with prejudice.

2.     A certificate of appealability is denied.

3.     The Court will enter a separate judgment closing the habeas case.

_____
UNITED STATES DISTRICT JUDGE